[No. 39868.    Department Two.    February 13, 1969.]

HOWARD WEST, *Respondent,* v. THOMAS R. KIMBALL, *Appellant.* *

*J. D. McMannis,* for appellant.

*Henry E. Savage* (of *Savage & Nuxoll*), for respondent.

PER CURIAM.—This action was brought upon a promissory note, after claims presented to Thomas R. Kimball, administrator of the estate of the maker and guardian of the estate of the maker's incompetent wife, had been rejected. Affirmative defenses of lack of consideration and incompetency of the maker were pleaded by the administrator.

The trial court found that the note had been given to evidence a debt of the deceased and his wife, owing to the plaintiff for major improvements which the latter had made upon the residence located on a farm which he leased from them, which improvements had been made at the request and with the approval of the deceased.

The court further found that the deceased was competent when he executed the note.

Errors assigned on appeal are directed to the findings of fact. No error is assigned to the refusal of proposed findings.

It was undisputed that the plaintiff made the improvements and that the cost to him of these improvements was not less than the face amount of the note. Contrary to the contention of the administrator, the terms of the lease did not require him to make these improvements but simply required him to keep the premises in as good condition as he received them. There was substantial evidence to support the trial court's finding that the improvements were undertaken with the approval of the maker of the note. Their enhancement of the value of the property was consideration for the note.

*Reported in 450 P.2d 819.

On the question of competency, the evidence was in conflict. A doctor testified that the deceased was incompetent at about the time the note was executed. A lawyer, who saw him more frequently than the doctor saw him, testified that he was competent. The children of the deceased gave differing opinions as to his competency. In deciding which witnesses to believe, the trial court took into account the fact that the administrator, in petitioning the court for the admission of the will and a codicil to probate, swore that the testator had been of sound mind when he executed the codicil, 10 days after he executed the note, and also the fact that none of the heirs had challenged this assertion. The trial court was justified in refusing to find that the maker of the note was incompetent when he executed it.

There being substantial evidence to support the trial court's findings, the judgment is affirmed.